1331 and Derek Davis, Esq. (SBN 243957)
Alan Law, Esq. (SBN 268334)
COOPER & SCULLY, P.C.
423 Washington Street, Suite 400
San Francisco, CA  94111
Tel:  (415) 956-9700; Fax: (415) 391-0274
Email: derek.davis@cooperscully.com
Email: alan.law@cooperscully.com

Attorneys for Defendant KAISER PERMANENTE,
KAISER PERMANENTE INSURANCE COMPANY
And KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA LEON,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>FIRST LIGHT RECOVERY; CORONA REGIONAL MEDICAL CENTER REHABILIATION HOSPITAL; CORONA REGIONAL MEDICAL CENTER; and DOES 1 TO 50, INCLUSIVE<br><br>　　　　　Defendants. | Case No.<br><br>**EXHIBIT "A" TO NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1441 and 1446**<br><br>Date Action Filed: 12/17/2021<br>Trial Date:　　None Set |

EXHIBIT A - Complaint

Electronically Filed by Superior Court of California, County of Orange, 12/17/2021 09:30:17 AM.
30-2021-01237078-CU-PO-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
Case 8:22-cv-01395-JVS-JDE Document 1-1 Filed 07/29/22 Page 2 of 18 Page ID #:11

```
1  STEVEN ZWICK [SBN 063 304]
   LAW OFFICE OF STEVEN ZWICK
2  25909 Pala #340
   Mission Viejo CA 92691
3  T 949/699-4444
4  F 949/699-4449
   steven.zwick@zwicklaw.com
5  Attorney for Plaintiff
   DELIA LEON
6
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| DELIA LEON, | CASE NO. 30-2021-01237078-CU-PO-NJC |
| Plaintiff | COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH; MEDICAL MALPRACTICE |
| v. | (UNLIMITED JURISDICTION) |
| FIRST LIGHT RECOVERY; CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL; CORONA REGIONAL MEDICAL CENTER; and DOES 1 through 50, inclusive, | **Assigned for All Purposes** Judge Glenn Salter |
| Defendants | |

Plaintiff alleges as follows:

**GENERAL ALLEGATIONS**

1. The surviving heirs of Decedent KAYLYNN HALEY RUIZ (hereinafter referred to as "Decedent"), and their relationship to Decedent are:

| Name | Relationship to Decedent |
|---|---|
| DELIA LEON | PARENT (MOTHER) |

2

Complaint for Damages - Page 1

2. Plaintiff, DELIA LEON is the mother of decedent, and thus an heir of Decedent, and brings this action pursuant to Section 377.60 of the California Code of Civil Procedure, and Section 6402(b) of the California Probate Code.

3. EDWIN RUIZ is the father of decedent, and thus an heir of decedent, but his consent to be joined as a Plaintiff herein was sought and has not been responded to, therefore he is joined as a defendant herein pursuant to Section 382 of the California Code of Civil Procedure.

4. Plaintiff DELIA LEON is not aware of any other heirs of the decedent who have standing to participate in this lawsuit.

5. Plaintiff DELIA LEON is a resident of Orange County, California.

6. That Defendants, FIRST LIGHT RECOVERY, and DOES 1 through 10, inclusive, and each of them, (hereinafter referred to as "FIRST LIGHT RECOVERY") are organizations rendering mental health services and associated services existing under the laws of the State of California and doing business within the County of Orange, State of California.

7. That Defendants, CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and DOES 11 through 20, inclusive, and each of them, (hereinafter referred to as "CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL") are organizations rendering mental health services and associated services existing under the laws of the State of California and doing business within the County of Riverside, State of California.

3

8. That Defendants, CORONA REGIONAL MEDICAL CENTER, and DOES 21 through 30, inclusive, and each of them, (hereinafter referred to as "CORONA REGIONAL MEDICAL CENTER") are organizations rendering mental health services and associated services existing under the laws of the State of California and doing business within the County of Riverside, State of California.

9. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 50 inclusive, and each of them, are unknown to Plaintiffs who therefore sues said Defendants, and each of them, by such fictitious names. Plaintiffs prays leave that at such time as the true names and capacities of such fictitiously named Defendants have been ascertained, Plaintiffs may be permitted to insert the same herein with appropriate allegations.

10. That Plaintiff is informed and believes and based thereon, alleges that at all times herein mentioned, Defendants, and Defendants DOES 1 through 50 inclusive, and each of them, were the agents, servants, and employees of the remaining Defendants, and Defendants DOES 1 through 50 inclusive, and each of them, and that in doing the things and acts complained of herein, Defendants, and each of them, were acting within the course and scope of such agency, servitude, and employment with the full knowledge, permission, and consent of the remaining Defendants, and each of them.

11. That the fatal injury and incidents giving rise to this Complaint occurred in the City of San Juan Capistrano, County of

Orange, State of California, situated within the geographical jurisdiction of the Orange County Superior Court, in the State of California.

12. Plaintiff is informed and believes and based thereon, alleges that Defendants, and each of them, are responsible in some manner for the acts, events, omissions, and happenings herein referred to, and directly and proximately caused the injuries and damages complained of by Plaintiff herein.

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH**

**NEGLIGENCE**

13. Plaintiff repeats, re-alleges and incorporates herein by reference each and every paragraph of the General Allegations as though fully set forth herein.

14. That from on or about January 28, 2021 until on or about February 2, 2021, KAYLYNN RUIZ was under the care of CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and DOES 11 through 20, inclusive, and each of them, and CORONA REGIONAL MEDICAL CENTER, and DOES 21 through 30, inclusive, and each of them, because of multiple recent suicide attempts by KAYLYNN RUIZ.

15. That on or about February 2, 2021, CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, negligently transferred KAYLYNN RUIZ from their care to FIRST LIGHT RECOVERY, and Does 1 through 10, inclusive, and each of them, in San Juan Capistrano, instead of keeping KAYLYNN RUIZ under

their care, when they knew or should have known that KAYLYNN RUIZ had a significant history of attempting to harm herself, and that CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, knew or should have known that FIRST LIGHT RECOVERY, and each of them, was not appropriately capable of insuring that KAYLYNN RUIZ would not harm herself while under the care of FIRST LIGHT RECOVERY if she were to be transferred there instead of remaining at CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them.

16. As a result of the negligence of CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, KAYLYNN RUIZ was transferred by them to FIRST LIGHT RECOVERY on or about February 2, 2021, whereupon KAYLYNN RUIZ twice escaped from the FIRST LIGHT RECOVERY premises on or about February 6, 2021, and was struck and killed when she ran in front of a truck in her second escape from FIRST LIGHT RECOVERY on that date.

17. Plaintiff alleges that, in the alternative, CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, should have transferred KAYLYNN RUIZ to a facility that was appropriately capable of insuring that KAYLYNN RUIZ would not harm herself while under their care, but that CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, negligently failed to do so.

18. That on or about February 2, 2021, KAYLYNN RUIZ was transferred from CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and CORONA REGIONAL MEDICAL CENTER, and each of them, to FIRST LIGHT RECOVERY, and each of them, in San Juan Capistrano. FIRST LIGHT RECOVERY, and each of them, negligently failed to insure that KAYLYNN RUIZ would remain on the premises of FIRST LIGHT RECOVERY during her stay there, when they knew or should have known that KAYLYNN RUIZ had a significant history of attempting to harm herself, and that if she did not remain on the FIRST LIGHT RECOVERY premises during her stay at that facility, there was a known significant risk that KAYLYNN RUIZ would harm herself if she did not remain on the FIRST LIGHT RECOVERY premises during her stay there.

19. As a result of the negligence of FIRST LIGHT RECOVERY, and each of them, KAYLYNN RUIZ left the FIRST LIGHT RECOVERY premises on or about February 6, 2021, where upon FIRST LIGHT RECOVERY reported her missing to local law enforcement and she was brought back to the FIRST LIGHT RECOVERY facility at or about 2am on February 6, 2021 by local law enforcement.

20. However, because FIRST LIGHT RECOVERY negligently failed to insure that KAYLYNN RUIZ would remain on the FIRST LIGHT RECOVERY premises after being returned there by local law enforcement at or about 2am on February 6, 2021, KAYLYNN RUIZ again left the FIRST LIGHT RECOVERY premises at or about 4am, on the same night of February 6, 2021, whereupon she was struck and killed when she deliberately ran in front of a truck on a nearby roadway.

21. Plaintiff contends that Defendants FIRST LIGHT RECOVERY, and DOES 1 through 10, inclusive, and each of them, and CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and DOES 11 through 20, inclusive, and each of them, and CORONA REGIONAL MEDICAL CENTER, and DOES 21 through 30, inclusive, and each of them, negligently failed to use the level of skill knowledge and care in their care of KAYLYNN RUIZ that other reasonable mental health care practitioners would use in the same or similar circumstances, and that as a proximate result thereof, Decedent KAYLYNN RUIZ died on or about February 6, 2021.

22. As a further proximate result of the negligence of Defendants FIRST LIGHT RECOVERY, and DOES 1 through 10, inclusive, and each of them, and CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL, and DOES 11 through 20, inclusive, and each of them, and CORONA REGIONAL MEDICAL CENTER, and DOES 21 through 30, inclusive, and each of them, and of the death of decedent, Plaintiff has sustained pecuniary loss resulting from the loss of the love, society, companionship, affection, comfort, services, advice and support of Decedent in an amount within the jurisdiction of this court.

23. As a further proximate result of the negligence of Defendants, and each of them, and of the death of decedent, Plaintiff has incurred funeral and burial expenses in an amount to be determined at time of trial.

24. On November 2, 2021, pursuant to the provisions of Section 364 of the Code of Civil Procedure, Plaintiff caused to be served on

8

each Defendant a Notice of Plaintiff's intention to commence this action. Copies of these notices are attached hereto as follow:

Exhibit "A" Notice to FIRST LIGHT RECOVERY

Exhibit "B" Notice to CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL

Exhibit "C" Notice to CORONA REGIONAL MEDICAL CENTER

25. Plaintiff seeks prejudgment interest at prescribed by California Law upon any and all damages alleged to have been suffered herein.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For funeral and burial expenses in an amount to be determined at time of trial;

3. For costs of suit incurred herein;

4. For prejudgment interest at the legal rate from the date of injury; and

5. For such other and further relief as the Court may deem just and proper.

Dated: 12.17.2021

STEVEN ZWICK
ATTORNEY FOR PLAINTIFF
DELIA LEON

# Exhibit "A"

*Sent Via U.S. Certified Mail*
*Return Receipt: 7011 2970 0000 1941 2596*

November 2, 2021

FIRST LIGHT RECOVERY
31211 Casa Grande Dr.
San Juan Capistrano, CA 92675
310-200-7325

Attention: Risk Management

Re: KAYLYNN RUIZ, Deceased
    Date of Birth:    1/5/99
    Date of Incident: 2/6/21

    Notice of Intent to Commence Action Against Health Care Provider (Code of Civil Procedure Section 364)

Dear Sirs:

    Pursuant to the Code of Civil Procedure, Section 364, you are hereby notified that DELIA LEON, the mother of decedent KAYLYNN RUIZ, intends to, and will, commence a legal action against you ninety (90) days or more after the date of service of this notice.

    The legal basis for such action will be that you and the other defendants to be named in such action were negligent in that you negligently failed to insure that KAYLYNN RUIZ would remain on the premises of your facility, First Light Recovery in San Juan Capistrano, during her stay there, when you knew or should have known that Kaylynn Ruiz had a significant history of attempting to harm herself, and that if she did not remain on your premises during her stay at your facility, there was a known significant risk that she would harm herself if she did not remain on your premises during her stay there.  As a result of your negligence, Kaylynn Ruiz left your premises on or about February 6, 2021, where upon you reported her missing to local law enforcement and she was brought back to your facility at or about 2am on February 6, 2021 by local law enforcement.  However, because you negligently failed to insure that KAYLYNN RUIZ would remain on the premises of your facility after being returned there by the police, Kaylynn again left your premises at or about 4am, where upon she was struck and killed when she ran in front of a truck.

    All of the foregoing is based on facts as presently known, and there may be other injuries, damages, losses and expenses still to be ascertained.

In the event that you have any pertinent facts which you wish to bring to our attention prior to our filing the complaint in this case, please feel free to communicate same to this office.

Sincerely,

Ja                    STEVEN ZWICK

**Exhibit "B"**

*Sent Via U.S. Certified Mail*
*Return Receipt: 7011 2970 0000 2602*

November 2, 2021

CORONA REGIONAL MEDICAL CENTER
REHABILITATION HOSPITAL
730 Magnolia Ave.
Corona, CA 92879
951-736-7200

Attention: Risk Management

Re:   KAYLYNN RUIZ, Deceased
      Date of Birth:      1/5/99
      Date of Incident:   2/6/21

    Notice of Intent to Commence Action Against Health Care Provider (Code of Civil Procedure Section 364)

Dear Sirs:

    Pursuant to the Code of Civil Procedure, Section 364, you are hereby notified that DELIA LEON, the mother of decedent KAYLYNN RUIZ, intends to, and will, commence a legal action against you ninety (90) days or more after the date of service of this notice.

    The legal basis for such action will be that you and the other defendants to be named in such action were negligent in that on or about January 28, 2021 you negligently transferred KAYLYNN RUIZ from your facility to First Light Recovery in San Juan Capistrano, instead of keeping her at your rehab facility, when you knew or should have known that Kaylynn Ruiz had a significant history of attempting to harm herself, and that you knew or should have known that First Light Recovery was not appropriately capable of insuring that Kaylynn Ruiz would not harm herself while under the care of First Light Recovery if she were to be transferred there instead of remaining at your facility. As a result of your negligence, Kaylynn Ruiz was transferred by you to First Light Recovery on or about January 28, 2021, whereupon she twice escaped from the First Light Recovery premises on or about February 6, 2021, and was struck and killed when she ran in front of a truck in her second escape that day from First Light Recovery. In the alternative, you should have transferred Kaylynn Ruiz to a facility that was appropriately capable of insuring that Kaylynn Ruiz would not harm herself while under their care.

    All of the foregoing is based on facts as presently known, and there may be other injuries, damages, losses and expenses still to be ascertained.

In the event that you have any pertinent facts which you wish to bring to our attention prior to our filing the complaint in this case, please feel free to communicate same to this office.

Sincerely,

Ja                                                  STEVEN ZWICK

**Exhibit "C"**

*Sent Via U.S. Certified Mail*
*Return Receipt: 7011 2970 0000 1941 2619*

November 2, 2021

CORONA REGIONAL MEDICAL CENTER
800 S. Main Street
Corona, CA 92882
951-737-4343

Attention: Risk Management

Re: KAYLYNN RUIZ, Deceased
    Date of Birth: 1/5/99
    Date of Incident: 2/6/21

    Notice of Intent to Commence Action Against Health Care Provider (Code of Civil Procedure Section 364)

Dear Sirs:

    Pursuant to the Code of Civil Procedure, Section 364, you are hereby notified that DELIA LEON, the mother of decedent KAYLYNN RUIZ, intends to, and will, commence a legal action against you ninety (90) days or more after the date of service of this notice.

    The legal basis for such action will be that you and the other defendants to be named in such action were negligent in that on or about January 28, 2021 you negligently transferred KAYLYNN RUIZ from CORONA REGIONAL MEDICAL CENTER REHABILITATION HOSPITAL to First Light Recovery in San Juan Capistrano, instead of keeping her at your rehab center, when you knew or should have known that Kaylynn Ruiz had a significant history of attempting to harm herself, and that you knew or should have known that First Light Recovery was not appropriately capable of insuring that Kaylynn Ruiz would not harm herself while under the care of First Light Recovery if she were to be transferred there instead of remaining at the Corona Regional Medical Center Rehabilitation Hospital facility. As a result of your negligence, Kaylynn Ruiz was transferred by you to First Light Recovery on or about January 28, 2021, whereupon she twice escaped from the First Light Recovery premises on or about February 6, 2021, and was struck and killed when she ran in front of a truck in her second escape that day from First Light Recovery. In the alternative, you should have transferred Kaylynn Ruiz to a facility that was appropriately capable of insuring that Kaylynn Ruiz would not harm herself while under their care.

    All of the foregoing is based on facts as presently known, and there may be other injuries, damages, losses and expenses still to be ascertained.

      In the event that you have any pertinent facts which you wish to bring to our attention prior to our filing the complaint in this case, please feel free to communicate same to this office.

                                Sincerely,

Ja                               STEVEN ZWICK